## THE RED LION.

District Court, E. D. New York. September 3, 1927.

Ad. 10082.

1. **Maritime liens ☞40—General provision of statute relating to waiver of liens held not to apply to preferred mortgages (Ship Mortgage Act, § 30, subsec. S [46 USCA § 974]).**

Provision of Ship Mortgage Act, § 30, subsec. S (46 USCA § 974 [Comp. St. § 8146¼-

ppp]), that "This section shall not be construed to affect the rules of law now existing in regard to * * * (2) laches in the enforcement of liens upon vessels," does not apply to preferred mortgages, not then known.

**2. Admiralty ⊜~1— Court of admiralty is governed by equitable principles.**

A court of admiralty, while not a court of equity, is governed by equitable principles.

**3. Maritime liens ⊜~40—Right to prove entire claim, or only proportionate part, against barge, held to depend on whether prior liens on other barges would have prevented recovery in prior suits.**

Where holder of preferred mortgage on six barges permitted five to be sold in admiralty proceedings without presenting his claim, whether or not he is entitled to prove his entire claim, or only a proportionate part, against the proceeds of the sixth, depends on whether the existence of prior liens would have prevented recovery of any part in the prior suits.

In Admiralty. Suit by Henry M. Earle against the barge Red Lion. Decree for libelant, with reference to special commissioner.

Haight, Smith, Griffin & Deming, of New York City (Frank A. Paul, of New York City, of counsel), for libelant.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for Russell Dry Docks, Inc.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for William J. Gurck Company and State of New York National Bank.

CAMPBELL, District Judge. This is a suit in admiralty under the Ship Mortgage Act (chapter 25, title 46, U. S. C. [46 USCA §§ 911–984 (Comp. St. §§ 8146¼jjj–8146¼t)]) for the foreclosure of an alleged preferred mortgage on the barge Red Lion. The barge Red Lion was sold by the United States marshal of this district in the suit of Russell Dry Docks, Inc., against the boat Red Lion for the sum of $8,700 on March 17, 1927, and this sum, less the marshal's and clerk's fees and expenses, is now in the registry of this court.

The bond and mortgage for $25,000, which was received in evidence, was given by McWilliams Bros., Inc., on the express understanding that it was to secure the $15,000 cash received by it at the time and the bill due the libelant, in all not to exceed $25,000. The bill of the libelant was fixed at $8,685.-27, and therefore the amount secured by the mortgage was $23,685.27. The bond and mortgage was made to Bolton D. Meliss, a clerk in the office of the libelant, for conven-

ience, because the libelant was to be temporarily absent from the country.

The bond and mortgage was thereafter assigned by said Bolton D. Meliss to the libelant, who is now the lawful owner and holder thereof for value. The sum of $4,000 has been paid on account of the principal of said bond and mortgage, together with interest on $11,000 to December 15, 1926, and there remains due and owing to the libelant on said bond and mortgage the sum of $19,685.27 principal, with interest at the rate of 6 per cent. per annum on $11,000 from December 15, 1926, and on $8,685.27 from January 21, 1924.

The fact that a part of the consideration was an antecedent debt due libelant is not a defense, nor would it be in a court of equity, because the libelant was not shown to have been insolvent at the time of the delivery of the bond and mortgage, and the debt which was paid by said bond and mortgage was a valuable consideration.

The validity of the mortgage was not affected by the failure to provide therein for the separate discharge of each ship·on the payment of a fixed sum, as that was not required by the act.

The defense of laches was not sustained by showing the failure of the libelant to foreclose the said mortgage when it became due. [1] Section 974, chapter 25, title 46, U. S. C. (46 USCA § 974 [Comp. St. § 8146¼ppp]), provides for the waiving of the right to a lien by a mortgagee, or, in the case of a preferred mortgagee, of his preferred status, by agreement or otherwise; but the portion of such section reading, "and this chapter shall not be construed to affect the rules of law existing on June 5, 1920, in regard to * * * (2) laches in the enforcement of liens upon vessels, * * *" does not apply in the instant suit, but was intended to apply generally to maritime liens of the character theretofore known, and not to preferred mortgages, as there were no such rules of law with reference to preferred mortgages at that time.

The defense of champerty was not sustained, because it clearly appeared that the libelant did not secure the bond and mortgage for the purpose of bringing an action, but because the money was due to him, and he was not prevented from attempting a recovery thereof simply because he was a lawyer.

The provisions of section 922, chapter 25, title 46, U. S. C. (46 USCA § 922 [Comp. St. § 8146¼kkk]), were complied with, in that the mortgage was in the form required, contained all of the recitals required, was prop-

erly recorded as provided in section 921 (46 USCA § 921 [Comp. St. § 8146¼kk]), indorsed on the vessel's documents, and a certified copy placed on board each vessel named in the mortgage.

The mortgage in question covered five barges in all, to wit, Red Lion, Red Hawk, Red Devil, Red Ribbon, and Red Indian. All of these vessels have been sold by the United States marshal in admiralty suits, but none of the proceeds of the sale of the other four barges have been paid to the libelant, nor has he brought any proceedings against the proceeds of the sale of the said barges, or either of them, and he now seeks to recover the whole of the principal sum and interest remaining unpaid from the proceeds of the sale of the Red Lion, regardless of the fact that there are claimants to a portion of the proceeds of the sale of the Red Lion, who had no claim to any of the proceeds of the sale of the other vessels.

[2, 3] A court of admiralty, while not a court of equity, is governed by equitable principles, and if the libelant had a good and valid lien, which it could have enforced as against the other vessels in admiralty, and has failed so to do, then as to the approximate value of his lien as to each of those ships he waived his preferred status, and should recover as against the proceeds of the Red Lion only the proportionate part of the mortgage which represented the value of his lien on the Red Lion.

If, however, because of the provision of section 981 (46 USCA § 981 [Comp. St. § 8146¼qq]), the libelant did not have a preferred lien against the other vessels, because they were covered by an existing mortgage at the time of the delivery of the mortgage in question, which has not been discharged, and could not recover any of those proceeds, then he is entitled to a full recovery as to the proceeds of sale of the Red Lion. This libelant has alleged in the sixth article of his libel in the instant suit, but the Russell Dry Docks, Inc., denied any knowledge or information sufficient to form a belief as to that article, and there was no evidence offered by the libelant in the trial to prove that allegation.

The mere allegation of the amended answer as to the prices for which the other barges were sold and the amounts claimed against them was not of itself sufficient evidence on which to determine whether the whole or proportionate part of the principal and interest of the mortgage sought to be foreclosed herein should be found to be a preferred lien on the proceeds of sale of the Red Lion. If the libelant had a valid preferred lien in any

amount against the other vessels, and made no effort to recover against them, or either of them, he must to that extent be considered to have waived his preference and relieved the Red Lion accordingly, leaving her proceeds liable only for the proportionate share of the whole amount due, which the net amount of her proceeds would be as to whole value of so much of the proceeds of all of the five vessels against which the mortgage was a preferred lien.

Subdivision (f), section 922, does not apply, because the time to make that apportionment was before the sale of the Red Lion by the marshal. In any event, the costs taxed in the suit in which the Red Lion was sold are to be paid before any distribution be made to libelant.

I therefore find that there is due to the libelant on said bond and mortgage the sum of $19,685.27, with interest at the rate of 6 per cent. per annum on $11,000 from December 15, 1926, and on $8,685.27 from January 21, 1924, and that the said mortgage is a preferred mortgage on the proceeds of the Red Lion, but to what extent, whether the whole or a proportionate part thereof, under the rules hereinbefore laid down, will be referred to a special commissioner to hear and report.

An interlocutory decree, with order of reference, may be entered in accordance herewith, the question of costs to be reserved for determination by the final decree.